Argued and submitted December 23, 1999, appeal dismissed December 6, 2000

# STATE OF OREGON,
*Respondent,*

*v.*

# CYNTHIA ANN PHILLIPS,
*Appellant.*

(871035434; CA A101763)

15 P3d 100

Irene B. Taylor, Deputy Public Defender, argued the cause for appellant. With her on the brief was David E. Groom, Public Defender.

Ann Kelley, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Edmonds, Presiding Judge, and Deits, Chief Judge, and Armstrong, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Defendant appeals from an order that terminated her probation but that directed entry of a judgment for the unpaid balance of restitution that she had been ordered to pay as part of her original sentence. We conclude that we do not have jurisdiction of her appeal.

A jury convicted defendant of five counts of first-degree forgery. The court suspended imposition of sentence on those convictions and placed defendant on probation for five years on each count. As a condition of probation, the court ordered defendant to pay restitution in a different amount on each count. In addition, the court separately ordered payment of restitution as follows:

> "IT IS FURTHER ADJUDGED that on Counts 1, 2, 3, 4 and 5, defendant pay restitution in the total amount of $2,405.44 to the Benjamin Franklin Savings and Loan at the rate of $60 per month beginning January 1, 1990, payable through the Office of the Court Administrator of the Circuit Court for Multnomah County."

Defendant's probation expired on January 24, 1998. The court entered the challenged order almost two months later.

Defendant contends that the order modified the terms of her probation and that the court lacked the authority to do that after the probation period expired. Were she correct about her characterization of the order, ORS 138.053(1)(d) would give us jurisdiction of her appeal from it.[1] However, the challenged order did not modify a condition of defendant's probation. It terminated her probation and directed entry of a judgment for the outstanding balance of defendant's restitution obligation. The original sentencing judgment ordered defendant to pay restitution separately

---

[1] ORS 138.053(1)(d) provides that a

"judgment or order of a court, if the order is imposed after judgment, is subject to ORS 138.040 and 138.050[, which grant the Court of Appeals jurisdiction over appeals by defendants in criminal cases,] if this disposition includes any of the following:

"❋ ❋ ❋ ❋ ❋

"(d) Imposes or modifies a condition of probation or of sentence suspension."

from the requirement that she pay restitution as a condition of probation. The order at issue is based on the requirement to pay restitution rather than on the requirement to do so as a condition of probation, so ORS 138.053(1)(d) does not give us jurisdiction over defendant's appeal from the order. No other provision of ORS chapter 138 gives us jurisdiction over the appeal, so we dismiss it.

Appeal dismissed.